UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN REGISTRY OF RADIOLOGIC TECHNOLOGISTS,

        Plaintiff,

v.

CURTIS D. JEMISON a/k/a CURTIS DEANDRE JEMISON, JR.,

        Defendant.

Case number 05-72007
Honorable Julian Abele Cook, Jr.

ORDER

On May 20, 2005, the Plaintiff, American Registry of Radiologic Technologists' ("ARRT"), filed a Complaint in this Court, in which it charged the Defendant, Curtis D. Jemison a/k/a Curtis Deandre Jemison, Jr. ("Jemison") with (1) federal trademark infringement, in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a); (2) federal trademark infringement, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) common law trademark infringement; (4) federal dilution; (5) federal unfair competition; (6) common law unfair competition; and (7) a violation of the Michigan Consumer Protection Act, Mich. Comp. Laws §§ 445.901 *et seq.*

On December 14, 2005, this Court granted the request of the AART for the entry of a default judgment against Jemison and, in so doing, directed him to (1) immediately discontinue his use of the ARRT's trademark, (2) refrain from reproducing, copying, or imitating the ARRT's trademark, and (3) return all of the material that had been utilized by him in connection with the

ARRT trademark. Jemison was also required to submit a written report with the Court that would detail the manner in which he had complied with the various directives within the order of December 14th order. Finally, the Court declared that Jemison would be liable for all of ARRT's attorneys' fees and costs that could be attributable to any acts of non-compliance by him.

On January 19, 2006, ARRT, in seeking to obtain an award of attorneys' fees and costs, filed a motion for contempt against Jemison because of his alleged failure to comply with the December 14th directive. On May 22, 2006, the Court agreed with ARRT and determined that Jemison was in contempt, in that he had violated the directives of December 14, 2005.

On August 7, 2006, AART filed another motion, in which it sought the entry of a judgment against Jemison. In making this request, AART sought to obtain an award of the attorneys' fees and costs in the amount of $4,673.53 which it attributes to the prosecution of this matter.

An official examination of the record in this cause reveals that there has been no response from Jemison as of this date. Given that the Court had previously warned Jemison of his potential liability, and believing that the requested amount of relief is appropriate and justifiable under the circumstances, he is directed to compensate ARRT in the amount of $4,673.53 which represents the identifiable attorneys' fees and expenses that were incurred during prosecution of this matter. Accordingly, AART's motion for entry of a judgment, including attorneys' fees and costs, is granted.

IT IS SO ORDERED.

Dated: October 19, 2006       s/ Julian Abele Cook, Jr.
   Detroit, Michigan       JULIAN ABELE COOK, JR.
                                                                                United States District Court Judge

Certificate of Service

I hereby certify that on October 19, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

s/ Kay Alford<br>Courtroom Deputy Clerk